UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DOROTHY BERRY                                                      PLAINTIFF

V.                                  CIVIL ACTION NO. 3:24-CV-714-KHJ-MTP

JASON MORRIS, et al.                                    DEFENDANTS

ORDER

Before the Court is Plaintiff Dorothy Berry's ("Berry") [8] Motion to Remand. The Court grants the motion and remands the case to the Circuit Court of Hinds County.

I.      Background

This case arises from a slip and fall inside Defendant Regions Bank ("Regions")[1] in Jackson, Mississippi, in October 2024. [1-1] ¶ 6. After she fell, Berry sued both Regions and its branch manager, Defendant Jason Morris ("Morris"), in the Hinds County Circuit Court. *Id.* ¶¶ 2–5. She alleged state-law negligence claims against both defendants. *Id.* ¶¶ 11–18.

Regions, joined by Morris, timely removed the case to this Court, claiming that Morris was improperly joined and that this Court has diversity subject-matter jurisdiction. *See* [1] ¶¶ 2, 5, 8; *see also* Joinder [2]. Removal was purportedly proper because of the presence of complete diversity of citizenship between the remaining

---

[1] In its [1] Notice of Removal, Regions notes that it was "incorrectly denominated in the [1-1] Complaint as 'Regions Financial Corporation d/b/a Regions Bank.'" [1] at 1. And "Regions Financial Corporation is not a proper party to this action." *Id.* at 1 n.1.

parties and the amount in controversy exceeding $75,000. [1] ¶¶ 5–23; *see also* 28 U.S.C. § 1332(a). But Berry now moves this Court to remand the case to the Circuit Court of Hinds County. [8]. Arguing Morris was properly joined because of the valid negligence claims against him, Berry contends this Court lacks diversity jurisdiction. *Id.* ¶ 3. Regions and Morris oppose the [8] Motion, arguing Berry fraudulently joined Morris "with the express purpose of avoiding federal diversity jurisdiction." Mem. Supp. Resp. [12] at 1. The Court addresses these arguments below.

II.     Standard

   A.  Removal

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). And district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." *Id.* § 1332(a)(1).

To determine where jurisdiction exists for removal purposes, courts consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 265 (5th Cir. 1995). The improper-joinder inquiry "is virtually identical to the inquiry on a motion to dismiss for failure to state a claim." *Williams v. Homeland Ins. of N.Y.*, 18 F.4th 806, 812

(5th Cir. 2021); *see also* Fed. R. Civ. P. 12(b)(6). The federal removal statute is "strictly construed in favor of remand," so any doubts or ambiguities in the state court petition should be construed against removal. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

The removing party bears the burden of establishing the basis of federal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). And when making the determination whether a case should be remanded, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.* 434 F.3d 303, 308 (5th Cir. 2005) (cleaned up). If the Court doubts its jurisdiction, it should resolve to order remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see also Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) ("[T]he intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." (cleaned up)).

B. Improper Joinder

The "party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). Improper joinder is a narrow exception to the complete diversity rule. *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). Under this exception, a non-diverse defendant is improperly joined if "the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts;

or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams*, 18 F.4th at 812. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (cleaned up).

    C.  Negligence

Under Mississippi law, a plaintiff must show duty, breach, causation, and injury to prevail on a negligence claim and recover damages. *Miss. Dep't of Mental Health v. Hall*, 936 So. 2d 917, 922 (Miss. 2006). And the "person in charge of [a] premises owes to a[] . . . business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning . . . of dangerous conditions not readily apparent which the owner knows or should know of . . ." *Smith v. Petsmart Inc.*, 278 F. App'x 377, 380 (5th Cir. 2008) (per curiam) (cleaned up). The Fifth Circuit assumes that "under Mississippi law[,] a store manager may qualify as a 'person in charge of [a] premises.'" *Id.*

III.    Analysis

There are no allegations of fraud, *see* [12] at 2, so the question before the Court is whether Berry has established a reasonable possibility of recovery against Morris because he was the "person in charge of [Regions]." [1-1] ¶ 11. Berry argues she has. Mem. Supp. Mot. [9] at 4. But both Regions and Morris argue that she hasn't, and that this Court should deny the [8] Motion because Morris was improperly joined. [12] at 1–2. The Court looks to the [1-1] Complaint.

The [1-1] Complaint alleges that at all times relevant, Morris was employed by Regions, and he was "the person in charge of the subject Regions Bank involved

in this incident . . . ." [1-1] ¶ 8. When she fell, Berry was a "business invitee." *Id.* ¶ 7. And while "acting in the furtherance of the business of Regions," Morris was allegedly negligent toward Berry in 13 various ways, including his failure "to maintain the premises in a reasonably safe condition," and his failure "to warn [Berry] of a dangerous condition on the premises of which he should have known about with the exercise of due diligence." *Id.* ¶¶ 9, 13. Such negligence resulted in Berry's injuries. *Id.* ¶ 14.

To support her stance that Morris was properly joined as the general manager of Regions, Berry relies on the "nearly identical" case of *James v. Kroger Ltd. P'ship I*, No. 3:23-CV-165, 2023 WL 9508823 (S.D. Miss. June 26, 2023). [9] at 4–5. In *Kroger*, the plaintiff slipped on water which had leaked from an overhead air vent while shopping. 2023 WL 9508823, at *1. After suing Kroger and John Does 1–10, Kroger timely removed to this Court, which then allowed the plaintiff to amend her premises liability complaint to name Kroger's manager as a defendant, and it granted her motion to remand the case. *Id.* at *1, *4. The Court found "[t]he facts suggesting diversity jurisdiction [were] ambiguous, and the Fifth Circuit has made clear that those ambiguities must be construed in favor of remand." *Id.* at *4. Thus, while Mississippi law was unclear whether a store manager could be held personally liable in a premises liability case, that ambiguity did not "render facially impossible a plaintiff's attempt to recover from a store manager under a theory of premises liability." *Id.* (cleaned up).

Based on the similar parties and claims between the *Kroger* case and her own, Berry believes that this Court should come to the same outcome and grant her [8] Motion. On the other hand, Regions and Morris argue that Berry's allegations against Morris cannot survive a Rule 12(b)(6) challenge under Mississippi law. Answer [5] at 1. Morris admits being the "branch manager of [Regions] on the day of the incident where it is claimed the alleged incident occurred. *Id.* ¶¶ 8–9. And he admits that in this role he was "required to follow those duties imposed upon him by applicable law," but he "expressly denie[s] that he breached any such duties." *Id.* ¶¶ 11-12.

Put plainly, Morris was the Regions manager on duty when Berry was injured. [1-1] at ¶ 8. And "Mississippi law permits injured persons to sue the person in charge of premises for breaching their duty of reasonable care." *Griffin v. Wal-Mart Stores E., LP*, No. 3:24-CV-516, 2024 WL 4307203, at *2 (S.D. Miss. Sept. 26, 2024) (citing *Mayfield v. Hairbender*, 903 So.2d 733, 735–36 (Miss. 2005)); *see also Smith*, 278 F. App'x at 381–82. As the [1-1] Complaint alleges, and resolving all ambiguities and contested issues of substantive fact in favor of Berry, Morris, as the person in charge of the premises, breached his duty of reasonable care when he knew of the potentially hazardous condition created by the free-standing object on the floor, and yet failed to warn of its danger. [1-1] ¶ 13.

With this [8] Motion to Remand, "the question is not whether [Berry] ultimately will prevail, but whether there exists a reasonable possibility of recovery." *Smith*, 278 F. App'x at 381–82 (cleaned up). And "[u]*nless it is clear* that

6

the non-diverse defendants have been improperly joined[,] the case should be remanded to the state court f[ro]m which it was removed." *Id.* at 381 (cleaned up). Based on Morris's admission that he was the only manager on duty, there is a reasonable probability that a fact finder would consider him a "person in charge of the premises," supporting Berry's possibility of recovery against him. See *id.* at 382. So remand is warranted because complete diversity does not exist, depriving this Court of subject-matter jurisdiction.

IV.  Conclusion

The Court has considered all arguments set forth by the parties. Those arguments not addressed would not have changed the decision of the Court. For these reasons, the Court GRANTS Berry's [8] Motion to Remand. This case is REMANDED to the Circuit Court of Hinds County to resolve the merits of Berry's claims.

SO ORDERED, this 11th of February, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE